DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAILAH RICHARDSON, § § Plaintiff, § § v. § § CENTRAL CREDIT SERVICES, LLC § and ALLIED INTERSTATE, LLC, § § Defendants. § § | Case No. 3:18-cv-2446 |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY, INJUNCTIVE, PUNITIVE, AND MONETARY RELIEF**

Plaintiff, DAILAH RICHARDSON ("Ms. Richardson" or "Plaintiff"), files this complaint against Defendants Allied Interstate, LLC ("Defendant Allied) and Defendant Central Credit Services ("Defendant Central Credit") (collectively "Defendants"), and, in support thereof, states as follows:

**INTRODUCTION**

1. This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the Texas Debt Collection Act ("DCPA"), Tex. Fin. Code. §§ 392-392.404, and common-law breach of contract for Defendants' failure to honor Plaintiff's agreed to payment plan in place for paying off her Sallie Mae student loan.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The Texas legislature also enacted the DCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Plaintiff, by Plaintiff's attorneys, brings this action to challenge the actions of Defendants with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a student loan debt owed by causing her Sallie Mae student loan default by transferring her student loan among various debt collection agencies, without any notice, thus leaving Plaintiff without a party whom will accept her payments previously made. When finally contacted by a

party allegedly authorized to collect on the loan, Defendants not only demanded higher monthly payments, but refused to put any terms in a writing in a payment plan so Plaintiff can have certainty of payments in the constant rotation of her loan among various collectors.

5.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.     While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.     Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

8.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9.     Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

10.    This action seeks declaratory, compensatory, statutory, and punitive damages, and costs and reasonable attorneys' fees for Ms. Richardson against

Defendants for their willful and/or negligent violations of, among others, the Fair Debt Collection Practices Act.

## PARTIES

11. Ms. Richardson is a natural person who resides in Arlington, Texas.

12. Defendant Allied Interstate, LLC ("Allied") is a foreign limited-liability company conducting business in the state of Texas. Allied may be served with process at C T Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

13. Defendant Central Credit Services ("Central Credit") is a foreign limited liability company doing business throughout the country and transacting business in the state of Texas. Defendant may be served with process at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

14. This action arises under federal FDCPA laws and state statutory and common-laws. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and supplement jurisdiction over the state claims. 20 U.S.C. § 1367(a).

15. Venue lies in the United States Court for the Northern District of Texas because Defendant transacts business in this District by and through the

collection of consumer debts in this and District and subject to the personal jurisdiction of this Court. 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

16. In 2008, Ms. Richardson took out a student loan with Navient branch of Sallie Mae in the amount of approximately $132,000, which was transferred to Defendant Central Credit.

17. For about two years, Plaintiff made monthly payments to Central Credit in the amount of $250.00. Plaintiff has also negotiated down her interest rate to almost 1% and was in a good-standing relationship with Central Credit on her student loan account, making payments in accordance to the agreed plan.

18. As evidence of that plan, Defendant Central Credit did not give her the plan in writing but as evidence of the plan Defendant Central Credit automatically withdrew the monthly amount owed from her account.

19. Around 2017, Defendant Central Credit suddenly stopped taking her payments.

20. Plaintiff tried to contact Central Credit but no one was available and she could not reach anyone to speak to about her loan.

21. Plaintiff has no other parties to make payments to and was left wondering about her loan.

22. Around October 30, 2017, Plaintiff got a call from Defendant Allied regarding the loan payments.

23. Without any notification, Defendant Central Credit had assigned her loan to Defendant Allied. Ms. Richardson only learned of the assignment when she received the call from Defendant Allied Interstate.

24. Defendant Allied demanded a much larger payment on her loan than Plaintiff already had in place with Defendant Central Credit.

25. In the transfer, Defendant Central Credit did not process her payments and thereby increase accrual of interest against her. She had no point of contact or opportunity to fix this issue, especially as she had no knowledge of the transfer.

26. Defendant Allied not only demanded a whole new down payment and payment plan from Ms. Richardson, which she did not understand, it also added $863 dollars interest a month.

27. All conditions precedent to filing this lawsuit have been completed.

28. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## COUNT ONE
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692-1692P
## (AGAINST DEFENDANTS)

29. Plaintiff incorporated by reference all preceding paragraphs of this Complaint as though fully set forth herein.

30. 15 U.S.C. §§ 1692-1692p regulates debt collectors in their efforts to collect debts. Congressional findings and declaration pursuant to 15 U.S.C. § 1692 found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributed to "personal bankruptcies, to marital instability, to the loss of jobs, and to the invasions of individual privacy." Congress also found that existing laws and procedure for redressing these injuries were inadequate to protect consumers.

31. Plaintiff is a "consumer" pursuant to 15 U.S.C. 1692a(3).

32. The Debt is a "debt" pursuant to 15 U.S.C. § 1692a(5).

33. Defendants are "debt collectors" pursuant to 15 U.S.C. § 1692a(6).

34. Defendants violated multiple sections of 15 U.S.C. 1692-1692p, including 15 U.S.C. § 1691e(2) in refusing to put her payment terms in writing and falsely representing the character, amount, and legal status of the Debt.

35. Defendant also violated 15 U.S.C. § 1691e(8) in communication to the CRAs credit information know or which should have been known to be false,

including the failure to communicate that the Debt was disputed by Ms. Richardson.

36. Defendant violated 15 U.S.C § 1692g(a-b) by failing to validate the Debt within the prescribed time or at any time and failing to provide notification required for a disputed debt.

37. Pursuant to 15 U.S.C. 1692k, Ms. Richardson is entitled to actual and statutory damages, court costs, and attorney's fees.

### COUNT TWO
### VIOLATION OF THE DCPA
### (TEX. FIN. CODE §392.001 *et seq.*)
### (AGAINST DEFENDANTS)

38. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

39. Defendants' conduct violated numerous and countless provisions of the DCPA, including sections 393.202 mandate for a third-party to correct its file upon a consumer dispute on the file, 393.301(4) prohibition against assigning a debt to a collector that subjects a consumer to illegal collection efforts, and 392.302 prohibition against harassing and abusive debt collection practices act.

40. Pursuant to Tex. Fin. Code §§ 392.404, a violation of the DCPA is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.

41. Pursuant to Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter, Ms. Richardson is entitled to actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

42. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages for Defendant's conduct committed knowingly; and/or an amount not to exceed three times the amount of economic and mental anguish damages for Defendant's conduct committed intentionally.

43. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

### COUNT TWO
### VIOLATION OF THE DCPA
### (TEX. FIN. CODE §392.001 *et seq.*)
### (AGAINST DEFENDANTS)

44. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

45. Plaintiff and Defendant Central Credit had an agreement in place regarding the amount, balance, and interest on Plaintiff's student loan, evidenced by Defendant Central Credit's accept of Plaintiff's payments for over two years.

46. Defendant Central Credit and Defendant Allied breached that agreement by demanding higher and different, more disadvantageous payments terms, that was in place for the past two years.

47. Defendants thereby caused damages to Plaintiff by bringing her loan into default, reporting her to the credit bureaus, and causing a decline in her credit score.

48. Plaintiff seeks damages, reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

## DEMAND FOR JURY TRIAL

49. Plaintiff demands trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff DAILAH RICHARDSON requests that Defendants CENTRAL CREDIT SERVICES and ALLIED INTERSTATE be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendants as follows:

(1) an award enjoining Defendants from reporting the Debt;

(2) a declaratory judgment be entered that Defendants' conduct violated the FDCPA, DCPA, and common-law breach of contract claims;

(3) an award for all actual damages, exemplary damages, emotional/mental anguish damages, all attorney's fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates;

(4) an award of treble damages pursuant to the DTPA;

(5) an award of statutory damages pursuant to the FDCPA;

(6) an award of costs and reasonable attorney's fees pursuant to the FDCPA, DCPA;

(7) an seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally; and

(8) Any such other and further relief as may be just and proper.

Dated: September 13, 2018

Respectfully submitted,

By: /s/ Ramona Ladwig
Ramona Ladwig
Bar No. 24092659
Anthony Chester
Bar No. 24092659
**HYDE & SWIGART, APC**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (214) 880-6362
Fax: (800) 635-6425
Email: ramona@westcoastlitigation.com
*Attorneys for Plaintiff*